**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3523-17T2

STRAUS ASSOCIATES II and
11 HISTORY LANE OPERATING
COMPANY, LLC, d/b/a CAREONE
AT JACKSON,

      Plaintiffs-Appellants,

v.

MURRAY BERMAN,

      Defendant-Respondent,

and

JACKSON HEALTH CARE
ASSOCIATES,

      Defendant.

_____

      Argued February 27, 2019 – Decided April 2, 2019

      Before Judges Koblitz, Currier and Mayer.

      On appeal from Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. C-000102-15.

Thomas P. Scrivo argued the cause for appellants (Cole Schotz, PC, and O'Toole Scrivo Fernandez Weiner Van Lieu, LLC, attorneys; Thomas P. Scrivo, of counsel and on the briefs; Greg Trif and Andrew Gimigliano, on the briefs).

William P. Munday argued the cause for respondent (McCusker, Anselmi, Rosen & Carvelli, PC, attorneys; William P. Munday, Samuel B. Santo, Jr., and James Harry Oliverio, on the brief).

PER CURIAM

Plaintiffs Straus Associates II and 11 History Lane Operating Company, LLC, d/b/a CareOne at Jackson (CareOne) appeal from a January 19, 2018 order compelling the payment of rent "up to the date of closing" to defendants Murray Berman and Jackson Health Care Associates (JHCA).[1] Plaintiffs also appeal from a March 16, 2018 order denying reconsideration. We affirm.

We recite some facts from our prior decision in Straus Associates II and 11 History Lane Operating Company, LLC d/b/a CareOne at Jackson v. Murray Berman and Jackson Health Care Associates, No. A-5578-15 (App. Div. October 24, 2017), to give context to the issue in this matter. The earlier appeal arose from an action filed by plaintiffs, seeking enforcement of a settlement agreement between the parties regarding the sale of Berman's share in JHCA. The

---

[1] The partnership JHCA owns the property leased to CareOne. Straus and Berman were partners in JHCA.

Chancery judge issued a May 13, 2016 order directing Berman to close on the sale of his interest in JHCA to plaintiffs within thirty days and reaffirmed plaintiffs' obligation to pay rent to Berman until the date of closing.

Berman appealed from the May 13, 2016 order, arguing a certain tax provision was an essential term of the parties' settlement agreement. We affirmed enforcement of the settlement agreement regarding the purchase of Berman's fifty-percent share in JHCA without the tax provision sought by Berman. We explained Berman's agreement to relinquish his half-interest in JHCA for a specific sum "was the essence of the settlement." Straus, slip op. at 11. We held:

> The Agreement contained terms identifying the interest to be transferred, the parties to the transfer, the price, the timeline, and the financial obligations of the parties pending closing. Thus, there are no missing terms essential to complete the transfer.
>
> [Id. at 11-12.]

Plaintiffs did not file a cross-appeal from the May 13, 2016 order. Nor did plaintiffs seek relief, either from the trial court or this court, regarding the obligation to pay rent to Berman "until closing."

After issuance of our opinion in October 2017, no closing occurred. The lack of any action by plaintiffs subsequent to our opinion prompted Berman to

file a motion on December 12, 2017, seeking enforcement of the settlement agreement and demanding payment of $7.5 million for his interest in JHCA and rent arrears accruing through the date of closing. In January 2018, plaintiffs filed a cross-motion to enforce litigants' rights by directing Berman to comply with the May 13, 2016 order by executing the settlement agreement and closing within ten days.

On January 19, 2018, the Chancery judge granted Berman's motion and denied plaintiffs' cross-motion. The judge ordered plaintiffs to "execut[e] and deliver[] the [f]inal [s]ettlement [a]greement, in the form attached to the [c]ourt's May 13, 2016 order, to [Berman,] . . . close on the settlement within thirty days, and . . . make the required settlement payment of $7,500,000.00 to [Berman]." The judge also ordered plaintiffs to pay "back rent due to [Berman] for . . . CareOne's lease of the Property in addition to any rental payments accruing now until the date of closing."

The judge required plaintiffs to pay rent to Berman accruing through the date of the closing consistent with the terms of the parties' settlement agreement. The judge stated, "[t]he settlement was pretty clear. Rent was supposed to be paid. [Plaintiffs had CareOne] occupy the premises so that rent is supposed to be paid."

A-3523-17T2

On January 31, 2018, plaintiffs filed a motion for reconsideration, which the judge denied. In his written decision denying reconsideration, the judge rejected plaintiffs' argument that the court's decision "favored Berman's contractual rights over [plaintiffs'] by excusing his nineteen-month closing delay without excusing [plaintiffs'] concurrent rent obligation."

The judge also found plaintiffs' claimed right to suspend rent payments when Berman declined to close and pursued his appeal of the May 13, 2016 order was contrary to the plain language of the parties' agreement. Every document memorializing the agreement between the parties to purchase Berman's fifty-percent interest in JHCA reflected rent was to be paid until the date of closing.

The judge declined to rewrite the payment of rent provision as agreed to by the parties. The judge held, "[t]he [c]ourt is not now empowered to determine whether the [rent] cap was omitted because of an oversight; the [c]ourt can conclude only that the settlement agreement as written has no rental cap. To impose it now would give [plaintiffs] more than it bargained for."

The Chancery judge also held even if "Berman wrongfully violated his contractual obligations by disregarding the closing date, and even if this violation constituted a material breach of the settlement agreement, [plaintiffs]

A-3523-17T2

would not be justified to withhold Berman's rent distributions in response." The judge rejected plaintiffs' demand to "enforce the terms [of the settlement agreement] it deems favorable and discharge others." The judge concluded plaintiffs' argument would "preserve the buyout provision, would preserve the mandatory closing deadline, but would arbitrarily erase the rent payment provision. This sort of selective performance is simply not an available remedy for breach – the aggrieved party must take the contract as it is or not at all."

The judge further held Berman did not receive an unjust windfall by pursuing an appeal of the May 13, 2016 order. Since 2016, CareOne paid rent and Berman held a fifty-percent interest in JHCA, which owned the property leased to CareOne. Berman was entitled to share in the profits, risks, and liabilities as a fifty-percent owner of JHCA. In addition, plaintiffs did not pay the $7.5 million purchase price for Berman's interest in JHCA and had the benefit of interest on that amount since 2016.

The judge explained that Berman's entitlement to rent payments did not foreclose plaintiffs' pursuit of a separate litigation alleging Berman breached the settlement agreement and caused financial injury as a result. The Chancery judge found the only issues before him were "whether and how the settlement agreement shall be enforced. With those questions decided, [plaintiffs are] free

to bring a new suit to allege Berman materially breached and to recover whatever damages that breach caused."[2]

On appeal, plaintiffs contend the Chancery judge erred by: (1) not enforcing the settlement agreements as written, and (2) abusing his discretion in concluding plaintiffs were obligated to pay rent arrears after the contractual and court-ordered closing dates.

"A settlement agreement between parties to a lawsuit is a contract." Nolan v. Lee Ho, 120 N.J. 465, 472 (1990) (citing Pascarella v. Bruck, 190 N.J. Super. 118, 124 (App. Div. 1983)). Where the contract terms are clear, "it is the function of a court to enforce [the contract] as written and not to make a better contract for either of the parties." Kampf v. Franklin Life Ins. Co., 33 N.J. 36, 43 (1960). An unambiguous settlement agreement between sophisticated parties should be enforced in accordance with "the plain and clear language they chose." See CSFB 2001-CP-4 Princeton Park Corp. Ctr., LLC v. SB Rental I, LLC, 410 N.J. Super. 114, 120 (App. Div. 2009).

Here, the plain terms in each iteration of the agreement between the parties for the sale of Berman's share in JHCA provided for the payment of rent "until

---

[2] Plaintiffs have filed a separate lawsuit, alleging defendants breached the settlement agreement and demanding damages as a result.

closing." Plaintiffs do not contend the settlement agreement is ambiguous or unenforceable. Rather, plaintiffs selectively choose the provisions of the settlement agreement that should be enforced. At no time in the original mediation agreement, the various drafts of the settlement agreement, or the Chancery judge's orders, is there a specific date established by which rent payments to Berman ceased. The agreements and the Chancery judge's orders explicitly provide rent would be paid until closing.

The determination that rent is due until closing is supported by the language in the court's May 13, 2016 order. The judge deleted plaintiffs' proposed language that there would be no obligation to pay rent to Berman accruing "after February 25, 2016 (the agreed upon closing date)." Instead, the judge handwrote, "[p]laintiffs are obligated to Berman for any rental payments accruing until the date of closing." The judge explained his reason for revising the form of order, stating "it's only fair since the closing didn't occur that the rents be paid through closing."

Plaintiffs had no right to exercise self-help and cease making rent payments to Berman on a self-selected date. As of June 2016, we note the following: closing had not taken place; Berman remained a partner in JHCA; CareOne occupied the property owned by JHCA and paid monthly rent; and

8

plaintiffs had the use of the $7.5 million, representing the purchase price for Berman's share in JHCA. Plaintiffs' contention they were prepared to close but for Berman's appeal from the May 13, 2016 order fails to justify refusing to pay rent under these circumstances.

During the nineteen months that Berman's appeal was pending, plaintiffs not only retained the use of the $7.5 million to be paid to Berman for the purchase of his interest in JHCA, but also continued to collect monthly rent from CareOne. The settlement agreement was unambiguous and required the payment of rent to Berman "until closing."

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9

A-3523-17T2